THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY

v.

PATRICK ENRIGHT.

*Street Railways—Negligence—Personal Injuries—Master and Servant —Vice-Principal—Change of Venue—City Courts.*

1. The fact that a person's condition at the time of bringing a suit against his employer to recover for personal injuries suffered through

his negligence, was the result of intoxication, will not release the defendant from the damage caused by his negligence.

2.   One city court in this State can obtain jurisdiction of a cause sent by change of venue from another city court.

3.   Such court has jurisdiction of such case even though the litigants are not residents of the city wherein it sits, and were not served with process therein.

4.   In an action brought by an employe of a railway company to recover for personal injuries received from the fall of a telegraph pole which he was assisting to remove, this court holds, in view of the evidence, that he had a right to believe that he was not in any danger in performing the work as directed; that a case of negligence is clearly made out, and that the judgment for the plaintiff must be allowed to stand.

[Opinion filed June 26, 1893.]

In error to the City Court of Alton, Illinois; the Hon. James E. Dunnegan, Judge, presiding.

Mr. Charles W. Thomas, for plaintiff in error.

Mr. A. R. Taylor, for defendant in error.

Mr. Justice Sample.   This suit was brought by defendant in error to recover damages for an injury alleged to have been caused by the negligence of the plaintiff in error, and judgment was recovered in the court below from which this writ is prosecuted.

The record discloses the following state of facts:   On the 14th day of July, 1890, Enright was ordered by Haines, assistant superintendent of plaintiff in error, to dig a trench so as to shift a telegraph pole along such trench to the place desired.   Enright dug the trench as ordered. After having removed considerable of the earth about the pole, it fell on him and injured him quite seriously.   Enright had had no experience in such work, and had no notice that it was dangerous.

·The wires were fastened on the pole and, as Enright states, he supposed they would sustain it.

Haines testified that in so shifting a pole, props should

be set up so as to hold it in an upright position, and that two men should handle the props; that it was necessary for the security of the men to be protected in that way; that he did not have the usual telegraph props with forked ends, but intended to use a spike pole for that purpose, which he neglected to do.    He called one Lucky away from digging in the trench, and told him to go and get the spiked poles, intending to come back soon again and direct the work, but his attention was called to another matter, so that he did not return for about two hours, when the injury was done. He admits that he forgot about Enright.    Lucky, who, it is said, was sent after the poles, did not return, and there is an utter absence of explanation of his failure to return. Enright was not notified that supporting poles were necessary, or that Lucky was sent after them, and Haines testified: " I told him—Enright, nothing about danger."

Enright had a right to believe that he was not in any danger in performing the work as directed.    The evidence clearly makes out a case of negligence.

It is urged that Enright's condition at the time of the suit was brought about by getting drunk, shortly after he was able to move about, and falling down, injuring one of his limbs.    If so, that would not release the plaintiff in error from the damage caused by its negligence.

The extent of such injury, so received, was presented to the jury, and doubtless that fact was duly considered in fixing the amount of the verdict.    It is also urged that the court erred in giving the first instruction for the plaintiff below.    The portion of the instruction objected to, is : "And if the jury further find, from the evidence, that said Haines directed said work to be so done, and did not direct said pole to be so braced and guarded, and did not furnish any appliance for such braces or guards," and then goes on to state that if, in that regard, Haines did not exercise ordinary care, and that Enright was inexperienced and ignorant of the danger, and was exercising ordinary care, then plaintiff was entitled to recover.    We see no objection to this instruction.    There is no evidence that Lucky, who is said

E. St. L. Con. Ry. Co. v. Enright.

to have been sent after the pikes to support the telegraph pole, knew anything about using them. He was simply to bring them, so it is said. Haines evidently intended to return and superintend their use and the work, in such a way as to protect Enright from danger. He realized that this was necessary for Enright's safety; but, as he testifies, he forgot all about it for about two hours, and then the damage was done.

The point is also made that the City Court of Alton had no jurisdiction to try the case.

This action was originally brought in the City Court of East St. Louis, from which the plaintiff in error took a change of venue, and the case was sent to the court where tried. The plaintiff in error moved to remand the cause to the City Court of East St. Louis, which motion was overruled and exceptions were taken. The point made is, that a city court in this State can not obtain jurisdiction of a cause sent by change of venue from another city court. An able argument is made in support of this proposition, but it is thought that the case of Lowry v. Caster, 91 Ill. 193, is conclusive in favor of the jurisdiction of the court below.

The statute provides—Sec. 287, Chap. 37, page 738, Starr & C., Ill. Stats.—that "Change of venue from city courts, for the same causes and in the same manner, may be taken as from circuit courts, and the cases sent to the Circuit Court of the county, *or to some other convenient court of record,* where the cause of complaint does not exist."

In the Lowry case, *supra,* the Supreme Court held that a city court was a court of record of competent jurisdiction, which it is said is all the statute requires. The only difference between that case and the one in hand is, that the change of venue in the Lowry case was from the *Circuit* Court to the City Court, while the change of venue in this case was from a city court to a city court.

The point of counsel's argument, however, is that the jurisdiction of city courts is local, and that their jurisdiction is not only limited as to territory but as to the class of persons who may sue and be sued there; that is, such courts

have no jurisdiction, it is said, of a cause between litigants neither of whom was an inhabitant of the city or served with process therein.

This argument is as applicable to the Lowry case as to this case, for the objection goes to a city court taking jurisdiction of a case wherein the parties—or the defendant, at least—did not inhabit such court's territory, or were not found therein.

The change in the Lowry case took it from Kendall County to the city of Aurora, in Kane County.

The judgment is affirmed.

*Judgment affirmed.*